J-S21041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARLOS VALENTINE, | |
| Appellant | No. 2874 EDA 2014 |

Appeal from the PCRA Order September 11, 2014
in the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0003521-2011

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED APRIL 08, 2015**

Appellant, Carlos Valentine, appeals *pro se* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546 as untimely.[1]  We affirm.

We summarize the procedural history of this case as follows.  On May 30, 2012, after a non-jury trial, the court convicted Appellant of one count each of aggravated assault, recklessly endangering another person, and disorderly conduct, and two counts each of simple assault and harassment for his participation in a fight at the corner of Levering Street and Locust

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that the PCRA court's order is dated September 10, 2014 and was filed on September 11, 2014.  Therefore, we will refer to it by its filed date and have corrected the caption accordingly.

Avenue in Ardmore, Pennsylvania on March 19, 2011.[2] The sentencing court sentenced Appellant to an aggregate term of not less than three-and-one-half nor more than ten years' incarceration on August 15, 2012. Appellant did not file a direct appeal.

Appellant filed his first *pro se* PCRA petition on May 20, 2014. On May 29, 2014, the PCRA court appointed counsel. PCRA counsel filed a no-merit letter dated August 18, 2014 and requested to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On August 20, 2014, the PCRA court granted counsel's application to withdraw and notified Appellant of its intention to dismiss his PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. Appellant filed an objection on September 9, 2014. The PCRA court dismissed Appellant's petition as untimely on September 11, 2014.[3] Appellant timely appealed on October 3, 2014.[4] While this appeal was pending, Appellant filed a motion seeking remand for a PCRA court hearing. This Court denied the motion

---

[2] 18 Pa.C.S.A. §§ 2702(a)(2), 2705, 5503(a)(1), 2701(a)(1), and 2709(a)(1), respectively.

[3] The PCRA court explained that because Appellant's petition was untimely, it "had no jurisdiction to review the merits of the underlying ineffectiveness of counsel allegations." (PCRA Court Opinion, 10/23/14, at 4).

[4] Pursuant to the PCRA court's order, Appellant timely filed a Rule 1925(b) statement on October 17, 2014. The court entered its Rule 1925(a) opinion on October 23, 2014. *See* Pa.R.A.P. 1925.

without prejudice to Appellant's raising the issue in his brief. (**See** *Per Curiam* Order, 12/23/14).

Appellant raises the following issue for our review: "Whether the trial court erred in dismissing the Appellant's current PCRA petition[?]" (Appellant's Brief, at 3) (capitalization omitted).

Our standard of review is well-settled:

> [A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

***Commonwealth v. Freeland***, 106 A.3d 768, 775 (Pa. Super. 2014) (citation omitted).

> We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.
>
> > [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

\* \* \*

- 3 -

Before we may address the merits of Appellant's arguments, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court. Pennsylvania law makes clear that when a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. The period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.] This is to accord finality to the collateral review process. However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met.

*Commonwealth v. Miller*, 102 A.3d 988, 992-93 (Pa. Super. 2014) (citations and quotation marks omitted).

The PCRA states in relevant part:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 4 -

> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1) and (2).

Here, Appellant's judgment of sentence became final on September 14, 2012. **See** 42 Pa.C.S.A. § 9545(b)(3). Therefore, in order to comply with the filing requirements of the PCRA, Appellant's petition had to be filed by September 16, 2013.[5] Because the underlying petition was filed on May 20, 2014, it is facially untimely and the PCRA court lacked jurisdiction to review it unless Appellant pleaded and proved one of the statutory exceptions to the time bar under 42 Pa.C.S.A. § 9545(b)(1).

Appellant has failed to address his petition's untimeliness or plead any facts that could invoke any of the statutory exceptions. (**See** Appellant's Brief, at 3-5; Statement of Errors, 10/17/14). Accordingly, we lack jurisdiction to consider the merits of his petition. **See Miller**, **supra** at 992-93.

Order affirmed.

---

[5] We note that September 14, 2013 fell on a Saturday.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/8/2015